# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CHARLOTTE DAVIS, as next friend**
**Of T.D.**                                                                          **PLAINTIFF(S)**

**V.**                                                      **CIVIL ACTION NO. 3:18-CV-217-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT(S)**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the defendant's motion to dismiss. The plaintiff responded and the defendant replied. The court has considered the motions, briefs, and exhibits and is prepared to rule.

### *1. Factual Background*

The defendant has moved to dismiss this action because of the plaintiff's failure to file her complaint within the statutory time allotted. The plaintiff argues that the motion to dismiss should be denied, because she was misinformed about the date of her denial. On July 14, 2018, the Appeals Council denied the plaintiff's request for review. The plaintiff had sixty days to appeal the final decision, plus five days for mailing, or until September 24, 2018. This action was not filed until October 9, 2018.

The plaintiff's previous attorney wrote her a letter dated August 7, 2018, advising her that the Appeals Council had denied the request for appeal. The letter advised her that her former attorney did not handle appeals in federal court but would refer her to another attorney. The letter does not advise when the notice was dated, nor did it give the deadline for filing an appeal in federal court. In her affidavit, the plaintiff says her former attorney orally advised her that the date of the notice was August 5, 2019, and she in turn gave that date to her present counsel's

staff when she initially contacted his office on August 13, 2018. Though her present attorney requested copies of the Appeals Council decision from both the plaintiff, who could not find her copy, and her former counsel, current counsel did not obtain a copy of the decision before filing this action.

Unaware of the error, current counsel prepared the appeal. There was some delay in filing the appeal because of difficulty contacting the plaintiff to sign off on the motion to proceed in forma pauperis. The plaintiff's current counsel filed this action on what he believed was the deadline for filing the appeal.

### *2. Analysis*

As shown by the documents produced by the defendant, this appeal was filed out of time. The plaintiff is provided with sixty days from the date of receipt of the Appeals Council's decision in which to file an appeal with the appropriate federal court. By regulation, it is presumed that the Secretary's decision will be received by the plaintiff within five days of the date of the decision. 20 C.F.R.§ 422.210. A copy of the decision in this case was mailed not only to the plaintiff's former counsel but to the plaintiff personally. The plaintiff admits that she received the decision though she was later unable to locate it when her attorney's office asked for a copy.

The United States, as a sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). When it consents to be sued, it must be sued in accordance with the terms of its consent. *Id.* In this case the plaintiff has not complied with those terms, and she has not overcome the presumption that she received the notice within the presumptive period. Because of the unilateral error by the plaintiff or on her behalf regarding the date of the decision, the action was not timely filed.

The court finds that the circumstances in this case do not make equitable tolling appropriate. However regrettable the error may be, the unilateral error by the plaintiff and/or her former counsel in remembering or ascertaining the date of the Appeals Council notice, the court cannot extend the deadline for filing. The United States has by statute waived its sovereign immunity and agreed to be sued in Social Security cases on certain conditions, including filing within the statutory time limits. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Courts may toll the sixty-day period only "where the equities in favor of tolling…are so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976). This is not a case where the agency misled the plaintiff, where amendments to the Act caused confusion, or where the plaintiff suffered from limitations that prevented a timely filing of the appeal. 20 C.F.R. § 416.1411(a)(1)-(4). There is no basis in this case for applying the doctrine of equitable tolling to prevent dismissal.

### *3. Conclusion*

Because this appeal was not timely filed and because the unilateral error originated with the plaintiff and/or her former counsel, equitable tolling is not applicable to save the untimely appeal from dismissal.

IT IS ORDERED that the defendant's motion to dismiss is granted and this action is hereby dismissed.

SO ORDERED, this the 25th day of April, 2019.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE